## 54682. GORDON et al. v. GILLESPIE.

BELL, Chief Judge.

This is a wrongful death case arising from a pedestrian-automobile collision. The jury returned a verdict for defendant.

On the date of the collision the defendant departed her home in a car at about 7 a. m. It was dark and raining. As she approached an intersection she slowed down to about 25 miles an hour and made a right turn on a green light. She heard a noise, realized that she had hit something and stopped her car about 35 feet from the traffic light and parallel to the curb. There was no physical evidence shown that the car had run up on the curb and onto an adjacent walkway. The body of the deceased was found with his lower torso in the street and the upper part of his body on the dirt pathway. A witness for the plaintiffs testified that the defendant went through a red light and he saw the defendant's vehicle mount the curb and also observed a falling body. The deceased was last seen by his brother proceeding along the walkway. *Held:*

1. The plaintiff excepted to the court's charge to the jury on the effect of the negligence of the deceased, on certain statutory provisions which pertained to rules applicable to a pedestrian with reference to suddenly leaving a curb and walking into the path of a vehicle and crossing a roadway at a place other than a crosswalk. The ground of the exception was that there was no evidence to authorize these charges. The circumstantial evidence noted above would authorize a jury to find that the deceased suddenly walked into the path of defendant's car and that deceased's own negligence was the proximate

cause of his death. Therefore, these charges were adjusted to the evidence and no error was committed.

2. The court charged the jury on accident but no exception was taken. In the absence of an exception, the plaintiffs will not be heard to complain that the charge was erroneous. Code § 70-207 (a).

3. The evidence also authorized the verdict and judgment for defendant.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 4, 1977 — DECIDED DECEMBER 5, 1977.

*Cook, Noell, Bates & Warnes, J. Vincent Cook,* for appellants.

*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame,* for appellee.